UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SYDNEY WISDOM,

                              Plaintiff,

-against-

MARK J. MILLER, Superintendent, et al.,

                              Defendants.

**ORDER OF SERVICE**

7:24-CV-6678 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

      Plaintiff Sydney Wisdom, who is appearing *pro se* and is currently incarcerated in the Otisville Correctional Facility, a New York State Department of Corrections and Community Supervision ("DOCCS") prison located in Otisville, New York, brings this action asserting claims of violations of his federal constitutional rights under 42 U.S.C. § 1983.[1] Plaintiff's complaint asserts claims against the following individuals: (1) Mark J. Miller, the Superintendent of the Green Haven Correctional Facility ("Green Haven"); (2) Billie D. Tuohy, Green Haven's Deputy Superintendent in charge of prisoner health; (3) Carol A. Moores, a DOCCS Deputy Commissioner and its Chief Medical Officer; (4) Susanna Nayshuler, a DOCCS Regional Health Services Administrator; and (5) Kyoung S. Kim, a Green Haven physician (together, "Defendants").

      Plaintiff filed, with his complaint, a proposed order to show cause for a temporary restraining order and preliminary injunction, as well as a declaration and memorandum of law in support of his proposed order to show cause. (Docs. 2-4). On October 11, 2024, the Court issued an Order to Show Cause regarding Plaintiff's request for a preliminary injunction enjoining Defendants to provide a medically appropriate course of treatment. (Doc. 12).

---

[1] Plaintiff filed these submissions while he was incarcerated in the Green Haven Correctional Facility, another DOCCS prison located in Stormville, New York.

By order dated October 10, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] The Court directs service on the Defendants.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service of the Complaint, Order to Show Cause, declaration, and memorandum of law on the Defendants, the Clerk of Court is instructed to fill out USMS Process Receipt and Return forms ("USM-285 forms") for each of the Defendants. The Clerk of Court is further instructed to issue summonses for each of the Defendants, and deliver to the USMS all the paperwork necessary for the USMS to effect service of the summonses, Complaint, Order to Show Cause, declaration, and memorandum of law upon each of the defendants.

If those court submissions are not served on the Defendants within 90 days after the date that summonses for the Defendants have issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

---

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date that any summonses issue.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court directs service of the Complaint (Doc. 1), Order to Show Cause (Doc. 12), declaration (Doc. 3), and memorandum of law (Doc. 4) on Defendants Miller, Tuohy, Moores, Nayshuler, and Kim.

The Court also directs the Clerk of Court to: (1) issue summonses for Defendants Miller, Tuohy, Moores, Nayshuler, and Kim; (2) complete USM-285 forms with the service addresses for those Defendants, and; (3) deliver all documents necessary to effect service of the summonses, the Complaint, Order to Show Cause, declaration, and the memorandum of law on those Defendants to the U.S. Marshals Service.

The Clerk of Court is further directed to mail: (1) a copy of this Order to the New York State Attorney General at 28 Liberty Street, 16th Floor, New York, New York 10005; and (2) an information package to Plaintiff.

**SO ORDERED.**

Dated:   October 15, 2024
         White Plains, New York

_____
PHILIP M. HALPERN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Mark J. Miller, Superintendent
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

2. Billie D. Tuohy, Deputy Superintendent
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

3. Carol A. Moores, Deputy Commissioner
   New York State Department of Corrections and Community Supervision
   1220 Washington Avenue #9
   Albany, New York 12226

4. Susanna Nayshuler, Regional Health Administrator
   New York State Department of Corrections and Community Supervision
   1220 Washington Avenue #9
   Albany, New York 12226

5. Dr. Kyoung S. Kim
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010