UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SYDNEY WISDOM,

                                    Plaintiff,

            -against-

MARK J. MILLER, et al.,

                                    Defendants.

**OPINION & ORDER**

24-CV-06678 (PMH)

PHILIP M. HALPERN, United States District Judge:

Sydney Wisdom ("Plaintiff"), who is proceeding *pro se* and *in forma pauperis*, commenced this action on August 23, 2024 pursuant to 42 U.S.C. § 1983 (the "Complaint"). (Doc. 1). Plaintiff alleges in the Amended Complaint, the operative pleading, that Superintendent Mark J. Miller ("Miller"), Deputy Superintendent Billie D. Tuohy ("Tuohy"), Chief Medical Officer Carol A. Moores ("Moores"), Regional Health Services Administrator Susanna Nayshuler ("Nayshuler"), and Clinical Physician Kyoung S. Kim ("Kim," and together, "Defendants") violated his Eighth Amendment rights during his incarceration in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). (Doc. 26, "AC").[1]

---

[1] On August 23, 2024, contemporaneous with the filing of the Complaint, Plaintiff filed an "Unsigned Order to Show Cause and Temporary Restraining Order" (the "Proposed OTSC") (Doc. 2), along with a supporting Declaration (Doc. 3, "Plaintiff Decl.") and "Memorandum of Law" (Doc. 4). Plaintiff requested that Defendants "provide a medically appropriate course of treatment to . . . ease and restore and maintain the full function of [Plaintiff's] right knee." (Doc. 2). On October 11, 2024, the Court endorsed the Proposed OTSC with modifications and ordered that "at a date and time to be determined after the Defendants' appearance in this action" Defendants show cause why such a preliminary injunction should not issue. (Doc. 12). On January 23, 2025, and upon Defendants' appearance, counsel for Defendants notified the Court that Plaintiff had received an MRI on or about December 24, 2024, and was scheduled to see an orthopedist concerning his right knee. (Doc. 24, the "1/23/25 Letter"). Counsel for Defendants indicated that upon speaking with Plaintiff and due to these recent developments, Plaintiff stated that he would amend the Complaint. (*Id.*). Accordingly, by endorsement dated January 24, 2025, the Court granted Plaintiff leave to file an amended complaint. (Doc. 25). In light of the above and considering Plaintiff's filing of the Amended Complaint on February 10, 2025, the Court construes the 1/23/25 Letter as Defendants' response to the OTSC and denies Plaintiff's requested relief as moot.

1

Defendants filed a motion to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) on March 31, 2025. (Doc. 34). Defendants filed their memorandum of law in support of their motion to dismiss on that same day. (Doc. 35, "Def. Br."). Plaintiff filed his memorandum of law in opposition on June 16, 2025 (Doc. 40, "Pl. Br."), and Defendants filed their reply on June 30, 2025 (Doc. 41, "Reply").[2]

For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

### BACKGROUND

Plaintiff alleges that his "right knee has been causing SEVERE PAIN and is causing major SUFFERING since August[] 2023." (AC at 1). Plaintiff claims that despite having had an MRI on December 24, 2024, he "has not been provided the Medical attention that he has sought in order to stop the agonizing pain," resulting in a "continuation of a total of 17 months that Plaintiffs rights have been violated." (*Id.* at 1-2). Plaintiff claims that the MRI he received on December 24, 2024 shows a "torn ligament in his right knee," and the delay of "more than a year" of treatment has resulted in arthritis. (Pl. Br. at 2-3). Plaintiff also alleges that he was scheduled to see an orthopedist

---

[2] Given the liberality afforded pro se litigants, it is appropriate to consider new allegations in a pro se plaintiff's opposition to a motion to dismiss where they are consistent with the allegations contained in the pleading. *Vail v. City of New York*, 68 F. Supp. 3d 412, 427 (S.D.N.Y. 2014) ("Where new allegations in a pro se plaintiff's opposition memoranda 'are consistent with the allegations contained' in the Complaint, they may be read 'as supplements to th[e] pleadings . . . .'" (quoting *Boyer v. Channel 13, Inc.*, No. 04-CV-02137, 2005 WL 2249782, at *6 (S.D.N.Y. Mar. 9, 2005))); *see also Davis v. Cnty. of Suffolk*, No. 18-CV-00303, 2020 WL 7699919, at *4 (E.D.N.Y. Oct. 30, 2020) ("[I]n deciding a motion to dismiss a pro se complaint, it is appropriate to consider materials outside the complaint to the extent that they are consistent with the allegations in the complaint, including documents that a pro se litigant attaches to his opposition papers." (internal citations and quotation marks omitted)), *adopted by* 2020 WL 7041082 (E.D.N.Y. Dec. 1, 2020). Accordingly, the Court considers on this motion the additional allegations in Plaintiff's opposition submission, to the extent consistent with the Amended Complaint.

in June 2025. (*Id.* at 3, 7).[3] Plaintiff claims that Defendants' actions violated his Eighth Amendment rights. (*See* AC).

This litigation followed.

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[4] A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "consider the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d

---

[3] On July 7, 2025, Plaintiff filed a document purporting to be a "Request and Report of Consultation" which allegedly details Plaintiff's consultation with an orthopedist, "demonstrating that [Plaintiff] ha[s] suffered a longitudinal tear of the medial [sic] meniscus," and that surgery was recommended. (Doc. 42 at 1-2). Plaintiff requests that the document be attached to his opposition to the Defendants' motion to dismiss. (*Id.* at 1). Considering Plaintiff's *pro se* status, and as Plaintiff referenced the then-pending orthopedic consultation in his opposition papers, the Court will consider this document, to the extent it is consistent with the allegations in the Amended Complaint. *See Floyd v. Rosen*, No. 21-CV-01668, 2022 WL 1451405, at *3 (S.D.N.Y. May 9, 2022) (considering exhibits attached to the *pro se* plaintiff's opposition papers).

[4] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

66, 71 (2d Cir. 2009). The presumption of truth, however, "is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 72. A plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357, 361 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intell. Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). However, while "[p]ro se complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*," dismissal is "appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cnty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court does, however, have a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## ANALYSIS

Construing the Amended Complaint liberally, Plaintiff presses one claim under 42 U.S.C. § 1983, specifically, an Eighth Amendment deliberate indifference to medical needs claim. (*See* AC).

### I.    Personal Involvement

Defendants argue that the Amended Complaint should be dismissed because Plaintiff "fails to allege specific facts supporting the personal involvement of any Defendant." (Def. Br. at 4-5). While Plaintiff concedes that he "did not specifically name defendants by their actual names," he claims that since he has "alleged facts that are not impossible to prove . . . his complaint should not be dismissed." (Pl. Br. at 3-4).[5] The Court disagrees.

"As a fundamental prerequisite 'to establishing a § 1983 claim, a plaintiff must show the defendants' personal involvement in the alleged constitutional violation.'" *Thomas v. Morley*, No. 20-CV-07520, 2022 WL 394384, at *6 (S.D.N.Y. Feb. 9, 2022) (quoting *Boley v. Durets*, 687 F. App'x 40, 41 (2d Cir. 2017)). "Failing to allege that a defendant was personally involved in, or responsible for, the conduct complained of renders a complaint 'fatally defective on its face.'" *Id.* (quoting *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987)). Liability exists only where the "defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Plaintiff alleges that he has not been provided the medical attention necessary to properly deal with his severe knee pain, but does not specify in the Amended Complaint how any of the Defendants were directly involved with this

---

[5] Plaintiff attaches three (3) "exhibits" to his opposition papers, consisting of what appear to be medical records, letters between Plaintiff and various DOCCS employees, grievance records, and letters that appear to have been written by legal counsel purportedly on Plaintiff's behalf. (*See* Docs. 40-1, 40-2, 40-3). Considering Plaintiff's *pro se* status, the Court will consider these documents, to the extent they are consistent with the allegations in the Amended Complaint. *See Floyd*, 2022 WL 1451405, at *3 (considering exhibits attached to the *pro se* plaintiff's opposition papers).

alleged constitutional violation. "Although [Defendants] appear in the caption of the Amended Complaint and on the list of Defendants, this is insufficient to allege the personal involvement of these Defendants." *Green v. Garcia*, No. 18-CV-01745, 2020 WL 1467359, at *4 (S.D.N.Y. Mar. 25, 2020) (collecting cases); *Harden v. Badger*, No. 19-CV-03839, 2020 WL 7211295, at *5 (S.D.N.Y. Dec. 7, 2020) (dismissing a deliberate indifference to medical needs claim where "plaintiff does not allege [defendants] were personally involved in any aspect of his medical care").

Here, the allegations are insufficient to allege Defendants' personal involvement, as Plaintiff fails to mention any of the Defendants by name in the Amended Complaint. No allegations exist as to which of the Defendants met with Plaintiff, treated Plaintiff, or were aware of Plaintiff's medical issues. Plaintiff's contention in his opposition that "no one in the medical staff at Green Haven provided him with any treatment at all," is similarly insufficient. *See Boykin v. Westchester Cnty. Jail*, No. 22-CV-10513, 2024 WL 4252040, at *8 (S.D.N.Y. Sept. 20, 2024) (allegations are insufficient to show personal involvement where they "lump all the defendants together . . . and provide no factual basis to distinguish their conduct"); *Maldonado v. Town of Greenburgh*, 460 F. Supp. 3d 382, 397 (S.D.N.Y. 2020) (a plaintiff pressing a deliberate indifference to medical needs claim under Section 1983 must allege the defendant "was present at the scene and directly involved" in the alleged indifference). While the Court notes that the "exhibits" attached to Plaintiff's opposition papers contain a handful of references to each of the Defendants (*see* Doc. 40-1 at 7-8; Doc. 40-2 at 4; Doc. 40-3 at 2-3, 6-8, 10-13), these references are similarly insufficient to show each Defendant's personal *and direct* involvement in the purported constitutional violation itself. *See Shomo v. Dep't of Corrs. and Cmty. Supervision*, No. 21-CV-00128, 2022 WL 1406726, at *7-8 (S.D.N.Y. May 4, 2022). Allegations that state the names of each person who directly participated in the alleged violations, and what such direct participation entailed, may be sufficient

to allege personal involvement. *See Kellogg v. New York State Dep't of Corr. Servs.*, No. 07-CV-02804, 2009 WL 2058560, at *6 (S.D.N.Y. July 15, 2009). To the extent, however, that any of the Defendants operated merely in a supervisory capacity, it is well-settled that one's status as a supervisor alone does not "impute personal involvement onto a defendant." *Keesh v. Quick*, No. 19-CV-08942, 2022 WL 2160127, at *5 (S.D.N.Y. June 15, 2022).

Accordingly, Plaintiff's claim is dismissed without prejudice for failure to allege that any Defendant was personally and directly involved in the events giving rise to Plaintiff's claim.[6]

### CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED and the Amended Complaint is dismissed without prejudice.

Plaintiff may file a Second Amended Complaint, addressing the pleading deficiencies discussed herein, within 30 days of the date of this Order. Plaintiff is reminded that if he does choose to file a Second Amended Complaint, the Second Amended Complaint will completely replace, not supplement, all prior complaints, and any facts or claims that Plaintiff wishes to maintain must be included in the Second Amended Complaint. In the event Plaintiff fails to timely file a Second Amended Complaint in accordance with this Opinion and Order, this action will be dismissed with prejudice.

---

[6] The Court need not, and does not, reach the balance of Defendants' arguments made in their motion to dismiss given the holding herein. The Court notes, however, that to the extent Plaintiff has received any further treatment, including any purported surgery on his knee (*see* Doc. 42 (referring to an alleged "surgery" that had been "approved")), or any diagnoses of alleged "arthritis" (Pl. Opp. at 3, 7), Plaintiff may also include such allegations in the Second Amended Complaint.

The Clerk of Court is respectfully requested to terminate the pending motion (Doc. 34) and

mail a copy of this Opinion and Order to Plaintiff.

**SO ORDERED:**

Dated: White Plains, New York
       December 5, 2025

_____
Philip M. Halpern
United States District Judge

8