UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SYDNEY WISDOM,

Plaintiff,

-against-

MARK J. MILLER, et al.,

Defendants.

**OPINION & ORDER**

24-CV-06678 (PMH)

PHILIP M. HALPERN, United States District Judge:

Sydney Wisdom ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this action pursuant to 42 U.S.C. § 1983 against Superintendent Mark J. Miller ("Miller"), Deputy Superintendent Billie D. Tuohy ("Tuohy"), Chief Medical Officer Carol A. Moores ("Moores"), Regional Health Services Administrator Susanna Nayshuler ("Nayshuler"), and Clinical Physician Kyoung S. Kim ("Kim," and together, "Original Defendants") for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.

Defendants moved to dismiss Plaintiff's Amended Complaint (Doc. 26) under Federal Rule of Civil Procedure 12(b)(6), and this Court granted the motion in an Opinion and Order dated December 5, 2025. (Doc. 43, "Prior Order").[1] The Court also granted Plaintiff leave to replead in a Second Amended Complaint to be filed within thirty days of the date of the Prior Order to correct the deficiencies identified therein. (*Id.* at 7).

Plaintiff filed a Second Amended Complaint on January 21, 2026.[2] (Doc. 50, "SAC"). The Second Amended Complaint names the Original Defendants, adds one additional individual

[1] The Prior Order is available on commercial databases. *See Wisdom v. Miller, et al.*, No. 24-CV-06678, 2025 WL 3496356 (S.D.N.Y. Dec. 5, 2025). However, for ease of reference, the Court cites herein the copy of the Prior Order filed on the docket.

[2] Plaintiff had requested an extension of time to file the Second Amended Complaint, which the Court granted on January 6, 2026. (Doc. 45).

defendant, Dr. Robert Bentivegna ("Bentivegna," and together with the Original Defendants, "Moving Defendants"), adds two entity defendants, "The State of New York" and "NYS Department of Correction & Community Supervision" ("DOCCS") and adds multiple "John/Jane Doe" defendants. (*Id.*). Plaintiff maintains the single Eighth Amendment deliberate indifference claim, and purports to add alleged claims under the "State Constitution." (SAC at 1, 2, 10).

Moving Defendants filed a motion to dismiss the Second Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on April 2, 2026 (the "Motion"). (Doc. 61; Doc. 62, "Def. Br."). Plaintiff filed memoranda of law in opposition (Docs. 63, 72),[3] and the motion was fully briefed upon Moving Defendants filing reply (Doc. 73, "Reply").[4]

For the reasons set forth below, the Motion is GRANTED.

The Court assumes the parties' familiarity with the factual allegations as laid out in the Prior Order and incorporates any additional factual allegations where appropriate *infra*.

---

[3] The Court, by Order dated May 13, 2026 (Doc. 66), and in light of Plaintiff's *pro se* status, granted Plaintiff leave to supplement his initial "opposition" (Doc. 63), and Plaintiff did so on June 1, 2026 (*see* Doc. 45). The Court, in its discretion, considers Docs. 63 and 72, together, as Plaintiff's opposition.

[4] Given the liberality afforded pro se litigants, it is appropriate to consider new allegations in a pro se plaintiff's opposition to a motion to dismiss where they are consistent with the allegations contained in the pleading. *Vail v. City of New York*, 68 F. Supp. 3d 412, 427 (S.D.N.Y. 2014) ("Where new allegations in a pro se plaintiff's opposition memoranda 'are consistent with the allegations contained' in the Complaint, they may be read 'as supplements to th[e] pleadings . . . .'" (quoting *Boyer v. Channel 13, Inc.*, No. 04-CV-02137, 2005 WL 2249782, at *6 (S.D.N.Y. Mar. 9, 2005))); *see also Davis v. Cnty. of Suffolk*, No. 18-CV-00303, 2020 WL 7699919, at *4 (E.D.N.Y. Oct. 30, 2020) ("[I]n deciding a motion to dismiss a pro se complaint, it is appropriate to consider materials outside the complaint to the extent that they are consistent with the allegations in the complaint, including documents that a pro se litigant attaches to his opposition papers." (citation modified)), *adopted by* 2020 WL 7041082 (E.D.N.Y. Dec. 1, 2020). Accordingly, the Court considers on this motion the additional allegations in Plaintiff's opposition submission, to the extent consistent with the Second Amended Complaint.

## STANDARD OF REVIEW

I. Rule 12(b)(1) Standard

"Federal courts are courts of limited jurisdiction, and Rule 12(b)(1) requires dismissal of an action when the district court lacks the statutory or constitutional power to adjudicate it." *Schwartz v. Hitrons Sols., Inc.*, 397 F. Supp. 3d 357, 364 (S.D.N.Y. 2019).[5] "Where, as here, the defendant moves for dismissal under Rule 12(b)(1), as well as on other grounds, the court should consider the Rule 12(b)(1) . . . challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Saint-Amour v. Richmond Org., Inc.*, 388 F. Supp. 3d 277, 286 (S.D.N.Y. 2019) (quoting *United States v. New York City Dep't of Hous., Pres. & Dev.*, No. 09-CV-06547, 2012 WL 4017338, at *3 (S.D.N.Y. Sept. 10, 2012)). A plaintiff's pleading must only allege, to survive a motion to dismiss, facts that "affirmatively and plausibly suggest" his standing to sue. *Lowell v. Lyft, Inc.*, 352 F. Supp. 3d 248, 255 (S.D.N.Y. 2018) (citing *Boelter v. Hearst Commc'n, Inc.*, 192 F. Supp. 3d 427, 437 (S.D.N.Y. 2016)).

II. Rule 12(b)(6) Standard

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin

---

[5] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "consider the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). The presumption of truth, however, "is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 72. A plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357, 361 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intell. Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). However, while "[*p*]*ro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*," dismissal is "appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cnty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations contained in a complaint, that tenet is

inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court does, however, have a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## ANALYSIS

Liberally construed, the Second Amended Complaint asserts claims for: (1) deliberate indifference to serious medical needs in violation of the Eighth Amendment, pursuant to 42 U.S.C. § 1983; and (2) state law claims for violations of the "State Constitution." Moving Defendants move to dismiss the Second Amended Complaint in its entirety under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (*See generally* Def. Br.). Thus, the Court considers the merits of the Motion concerning the Second Amended Complaint, and whether Plaintiff has corrected the deficiencies outlined in the Prior Order to properly state a claim for relief. For the reasons set forth below, the Moving Defendants' motion to dismiss is granted.[6]

[6] The Court notes that there is no indication on the docket sheet that Defendants State of New York, DOCCS, or John/Jane Does have appeared or were served with process. Nevertheless, while the Motion is made only on behalf of the Moving Defendants, the Court will consider the sufficiency of the claims against Defendants State of New York, DOCCS, and John/Jane Does under 28 U.S.C. § 1915(e)(B)(ii), as Plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(B)(ii) (providing that the Court "shall dismiss the case at any time if the court determines that the action . . . fails to state a claim on which relief may be granted."); *see Jones v. Westchester Cnty.*, No. 20-CV-08542, 2022 WL 1406591, at *1 n.2 (S.D.N.Y. May 4, 2022) (citing *Williams v. Novoa,* No. 19-CV-11545, 2022 WL 161479, at *10-12 (S.D.N.Y. Jan. 18, 2022)). As detailed *infra*, the Court dismisses Plaintiff's Second Amended Complaint as to these additional defendants.

I. New York Correction Law § 24

As an initial matter and in light of Plaintiff's *pro se* status, the Court construes Plaintiff's amorphous allegations of violations of the "State Constitution" as claims under New York State law. Moving Defendants argue that Plaintiff's state law claims, to the extent they exist, must be dismissed for want of subject-matter jurisdiction pursuant to New York Correction Law § 24 ("Section 24"). (Def. Br. at 11-12). The Court agrees.

Section 24 provides, in pertinent part:

> 1. No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the department, which for purposes of this section shall include members of the state board of parole, in his or her personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.
>
> 2. Any claim for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties of any officer or employee of the department shall be brought and maintained in the court of claims as a claim against the state.

N.Y. Corr. Law §§ 24(1)-(2). "The Second Circuit has held that this provision prevents federal courts from exercising pendent jurisdiction over state law claims appended to federal claims brought pursuant to 42 U.S.C. § 1983." *Sughrim v. New York*, No. 19-CV-07977, 2020 WL 7047697, at *21 (S.D.N.Y. Nov. 30, 2020) (quoting *Hassell v. Fischer*, 96 F. Supp. 3d 370, 385 (S.D.N.Y. 2015)); *see also Davis v. McCready*, 283 F. Supp. 3d 108, 124 (S.D.N.Y. 2017) ("[U]nder Section 24, any tort claim arising under New York law . . . must be dismissed for lack of subject matter jurisdiction."); *Cruz v. New York*, 24 F. Supp. 3d 299, 309 (W.D.N.Y. 2014) ("Plaintiff's state law claims against Defendants . . . are barred because New York Correction Law § 24 shields them from liability for state law claims in both state and federal court."). "The test to

determine whether the defendants' actions fall within the scope of their employment is whether the act was done while the servant was doing his master's work no matter how irregularly, or with what disregard of instructions." *Cruz*, 24 F. Supp. 3d at 310.

Here, Plaintiff alleges that the individual Defendants were "employees" of "DOCCS" (SAC at 43-47), and nothing in the Second Amended Complaint suggests that the individual Defendants were acting outside the scope of their employment (*see* SAC). Thus, all of the actions alleged in the Second Amended Complaint "arose as a result of [Defendants] discharging their duties" as DOCCS's employees in addressing Plaintiff's medical complaints. *McCray v. Lee*, No. 16-CV-01730, 2021 WL 4392280, at *11 (S.D.N.Y. Sept. 24, 2021) (alteration omitted). Thus, even if Plaintiff's Second Amended Complaint could be construed to plead state law claims, Section 24 bars such claims against the individual Defendants. *See Ortiz v. Ledbetter*, No. 19-CV-02493, 2020 WL 2614771, at *9 n.8 (S.D.N.Y. May 22, 2020) (holding that the defendants were "shielded" from "Plaintiff's supervisory liability allegations" under Section 24); *see also Curry v. Kim*, No. 22-CV-04127, 2023 WL 7625859, at *3-4 (S.D.N.Y. Nov. 14, 2023) (same).

Therefore, because any state law claims against Defendants "would be barred in New York state courts, this Court equally lacks jurisdiction over the claims." *Hassell*, 96 F. Supp. 3d at 385. Plaintiff's claims under New York State law are, accordingly, dismissed.

## II. Eleventh Amendment Immunity

Insofar as Plaintiff intends to press a claim under 42 U.S.C. § 1983 against the State of New York or DOCCS, or any of the individual Defendants in their official capacity, this theory of liability is barred by the Eleventh Amendment. *See Brown v. Annucci*, No. 19-CV-09048, 2021 WL 860189, at *3 (S.D.N.Y. Mar. 8, 2021) ("The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that

are, effectively, arms of a state."); *Santiago v. D.O.C.C.S.*, No. 20-CV-04530, 2020 WL 4505706, at *1 (S.D.N.Y. Aug. 5, 2020) ("Plaintiff names DOCCS, a state agency, as a Defendant in his Complaint. However, state agencies, including DOCCS, and state officials acting in their official capacities are generally not 'persons' subject to suit under § 1983."); *Czerwinski v. New York State Dep't of Corr. & Cmty. Supervision*, 394 F. Supp. 3d 210, 227 (N.D.N.Y. 2019) ("There can be no dispute that DOCCS is an agency and arm of the State of New York and, therefore, entitled to New York's Eleventh Amendment immunity.").

Accordingly, Plaintiff's claim against Defendant State of New York and DOCCS, and against any of the individual Defendants in their official capacity, is dismissed.

III. <u>Deliberate Indifference to Medical Needs (Eighth Amendment)</u>

Moving Defendants argue that the Second Amended Complaint should be dismissed because Plaintiff, once again, "fails to allege specific facts supporting the personal involvement of any Defendant," and in any event, that Plaintiff's Eighth Amendment claim fails on the merits (Def. Br. at 3-10). The Court agrees.

Plaintiff, in the Second Amended Complaint, does not make any material amendments to the allegations pled against the Original Defendants in the Amended Complaint. (*Compare* AC at 1-4, with *SAC* at 3-11). "As a fundamental prerequisite 'to establishing a § 1983 claim, a plaintiff must show the defendants' personal involvement in the alleged constitutional violation.'" *Thomas v. Morley*, No. 20-CV-07520, 2022 WL 394384, at *6 (S.D.N.Y. Feb. 9, 2022) (quoting *Boley v. Durets*, 687 F. App'x 40, 41 (2d Cir. 2017)). "Failing to allege that a defendant was personally involved in, or responsible for, the conduct complained of renders a complaint 'fatally defective on its face.'" *Id.* (quoting *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987)). Liability

exists only where the "defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020).

Specifically, Plaintiff's allegations in the Second Amended Complaint as to a majority of the Original Defendants (specifically, Miller, Tuohy, Moores, and Nayshuler) do not sufficiently specify how they were directly involved with this alleged constitutional violation. *See Harden v. Badger*, No. 19-CV-03839, 2020 WL 7211295, at *5 (S.D.N.Y. Dec. 7, 2020) (dismissing a deliberate indifference to medical needs claim where "plaintiff does not allege [defendants] were personally involved in any aspect of his medical care"). Like the Amended Complaint, and as detailed in the Prior Order, no allegations exist as to which of these Original Defendants met with Plaintiff, treated Plaintiff, or were aware of Plaintiff's medical issues. (*See* generally, SAC; *see also* Doc. 72 (Plaintiff appears to argue, improperly, that personal involvement exists where "[p]rison officials at Green Haven Correctional facility . . . acting individual[ly], and as a unit reviewed Plaintiffs' medical report of his suffering of deep Pain in his right knee, and failed to act with Proper medical care"). Plaintiff's reliance upon vague allegations, group pleading, and the alleged DOCCS "Employees' manuel [sic] and mission statement" (*see* Doc. 72 at 2-7) for the premise that Defendants are "charged with care, custody, control[] of all inmates in their custody," is therefore insufficient. *See Maldonado v. Town of Greenburgh*, 460 F. Supp. 3d 382, 397 (S.D.N.Y. 2020) (a plaintiff pressing a deliberate indifference to medical needs claim under Section 1983 must allege the defendant "was present at the scene and directly involved" in the alleged indifference).[7]

---

[7] Plaintiff's allegations as to the "John/Jane Doe" defendants similarly fail to properly allege personal involvement. (*See* SAC at 4, 9). Further, and in any event, Plaintiff was given leave to replead to cure the deficiencies in the Amended Complaint—Plaintiff's addition of approximately ten (10) non-specified defendants steps plainly outside the scope of the Prior Order's leave, and is another ground for dismissal of the claims pled as to these defendants. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40,

It is again noted that while the "exhibits" attached to Plaintiff's opposition papers and SAC contain a handful of references to each of these Defendants (*see* SAC at 15-18, 25-30; Doc. 63 at 26-29; Doc. 72 at 27-29, 31, 34-38), these references are similarly insufficient to show each Defendant's *direct* involvement in the purported constitutional violation itself. *See Shomo v. Dep't of Corrs. and Cmty. Supervision*, No. 21-CV-00128, 2022 WL 1406726, at *7-8 (S.D.N.Y. May 4, 2022). Further, Plaintiff has alleged that certain of the Defendants operated merely in a supervisory capacity (*see, e.g.*, SAC at 15-18, 25-30 (identifying Miller, Tuohy, Moores, and Nayshuler in supervisory roles)), which is equally insufficient, as it is well-settled that one's status as a supervisor alone does not "impute personal involvement onto a defendant." *Keesh v. Quick*, No. 19-CV-08942, 2022 WL 2160127, at *5 (S.D.N.Y. June 15, 2022).

Plaintiff has likely, however, included sufficient allegations as to Defendants Kim and Bentivegna only, to properly allege personal involvement at this stage. (*See* SAC at 5-6). However, as discussed *infra*, Plaintiff's Second Amended Complaint nevertheless must be dismissed on the merits of the Eighth Amendment deliberate indifference claim.[8]

"The Cruel and Unusual Punishments Clause of the Eighth Amendment imposes a duty upon prison officials to ensure that inmates receive adequate medical care." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832, 844 (1994)). "In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner

43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."); *see also Kuntz v. New York State Bd. of Elections*, 924 F. Supp. 364, 367-68 (N.D.N.Y. 1996) (identifying that the amended claim "clearly exceed[ed] the mandated scope of the Court's leave to amend," by adding, *inter alia*, new defendants).

[8] Plaintiff alleges in the Second Amended Complaint that he is a "Convicted and Sentenced State Prisoner." Accordingly, the Court analyzes Plaintiff's deliberate indifference to serious medical needs claim under the Eighth Amendment, as opposed to the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

must prove 'deliberate indifference to [his] serious medical needs.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle*, 429 U.S. at 104 (alteration in original)). A plaintiff can prevail on a deliberate indifference to medical needs claim under the Eighth Amendment by satisfying a two-prong test, comprised of an objective component and a subjective component. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011); *see also Sutton v. Rodriguez*, No. 18-CV-01042, 2020 WL 5504312, at *4 (S.D.N.Y. Sept. 8, 2020) ("A plaintiff can prevail on a deliberate indifference to medical needs claim under the Eighth Amendment by satisfying a two-prong test.").

The objective component requires that the alleged deprivation in medical care be "sufficiently serious." *Salahuddin*, 467 F.3d at 279. A deprivation in medical care is sufficiently serious if (1) "the prisoner was actually deprived of adequate medical care" and (2) "the inadequacy in medical care is sufficiently serious." *Id.* at 279–80. The latter inquiry "contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019); *see also Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (holding that the medical need must be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain"). When medical treatment was provided, but a complaint alleges that treatment was delayed or inadequate, the relevant concern is the "particular risk of harm faced by a prisoner due to the challenged deprivation of care." *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003).

The second prong of the deliberate indifference test under the Eighth Amendment is subjective and requires that the plaintiff demonstrate that the defendant had a sufficiently culpable state of mind. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014). That is, the prisoner must state facts showing that the defendant "acted or failed to act while actually aware of a substantial risk that serious inmate harm will result." *Horace v. Gibbs*, 802 F. App'x 11, 14 (2d Cir. 2020).

Notably, "[a] 'prisoner is not entitled to the best healthcare possible or even to a choice among available treatment modalities.'" *Robinson v. Wolf-Friedman*, No. 18-CV-02409, 2019 WL 4640236, at *6 (S.D.N.Y. Sept. 24, 2019) (quoting *Dichiara v. Pataki*, No. 06-CV-06123, 2007 WL 749742, at *3 (E.D.N.Y. Mar. 7, 2007)). "Indeed, prison officials and medical officers have wide discretion in treating prisoners, and Section 1983 is not designed to permit federal courts to interfere in the ordinary medical practices of state prisons." *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001). "If a prisoner's course of treatment is one about which reasonable doctors could disagree, an Eighth Amendment claim will not ordinarily lie." *Dichiara*, 2007 WL 749742, at *3; *see also Sonds*, 151 F. Supp. 2d at 311 ("A difference of opinion between a prisoner and prison officials regarding medical treatment does not, as a matter of law, constitute deliberate indifference.").

Moving Defendants advance two arguments with respect to Plaintiff's claim for deliberate indifference: (i) Plaintiff fails to plead an objectively serious medical risk, as he does not plead that he was deprived of medical treatment, and any delay in treatment alleged did not rise to the level of a constitutional violation; and (ii) Plaintiff fails to plead any facts supporting the subjective prong, as even if the allegations amounted to negligence by any of the Defendants, such state of mind is insufficient. (Def. Br. at 14-17; Reply at 3).

As to Moving Defendants' first argument, Plaintiff states that as "Prison Officials . . . acting individual[ly], and as a unit reviewed Plaintiff's medical report of his suffering of deep Pain in his right knee, and failed to act with Proper medical care," dismissal of his claim is "not appropriate." (Doc. 72 at 3). Plaintiff claims that the delay of "proper and timely medical care," for approximately "three (3) years and one [(]1) month" is sufficient to constitute a constitutional violation. (*See* SAC at 9-10). However, as Defendants emphasize, Plaintiff has in fact been treated

and seen by various medical professionals and providers throughout the period of time at issue. (*See* Def. Br. at 16-17; *see also* SAC at 4-10, 20, 25-30). Thus, Plaintiff's grievances amount to nothing more than a "difference of opinion between a prisoner and prison officials regarding medical treatment," which, does not, "as a matter of law, constitute deliberate indifference." *See Sonds*, 151 F. Supp. 2d at 311. Plaintiff's allegations concerning the delay in receiving an MRI (which he received), delay in receiving surgery (which he received), and delay in receiving requested and specified physical therapy (which, as of April 15, 2026, it appears that Plaintiff was "ambulating with a cane and a steady gait," and was waiting for physical therapy to be scheduled, but was a candidate for "Physical Therapy via Webinar"), do not rise to the level of constitutional deliberate indifference. (*See, e.g.*, Doc. 72 at 24-26). This is especially so in light of Plaintiff's having had surgery and successive follow-up appointments since then (*see id.*). *See Robinson*, 2019 WL 4640236, at *6; *see also Chance*, 143 F.3d at 703 ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation.").

Even assuming arguendo that Plaintiff's allegations as to the first prong were sufficient, Plaintiff's Eighth Amendment claim must also be dismissed for failure to sufficiently plead the second, subjective prong of the analysis. "[M]ere negligence" in this Circuit does not suffice to satisfy the subjective prong, namely, that a defendant have "actual awareness . . . of the risk of serious harm to the plaintiff," and then must "act with a sufficiently culpable state of mind." *See Salahuddin*, 467 F.3d at 280; *see also Charles*, 925 F.3d at 87.

Here, Plaintiff argues in opposition that Defendants "ignored, neglected, and failed to address" Plaintiff's "serious medical issues," resulting in "negligen[t] conduct" (Doc. 72 at 3),

which, on its face, is insufficient to satisfy the subjective prong. *See Salahuddin*, 467 F.3d at 280. In any event, there is nothing in the Second Amended Complaint that sufficiently speaks to any of the Defendants' states of mind. While Plaintiff claims that Defendant Kim "failed to file . . . paperwork" concerning Plaintiff's upcoming scheduled MRI, and that this was a "decision [Kim] made," there is no indication beyond Plaintiff's conclusory statements that Defendant Kim's alleged "decision" was made with the intentionality required to constitute a constitutional violation. *See Sutton*, 2021 WL 2894834, at *7 ("the bare assertion that a medication error slowed Plaintiff's recovery does not establish deliberate indifference."). Further, "[e]ven in a pro se case, such 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to state a claim for deliberate indifference to serious medical needs." *See Peralta v. Khouri*, No. 24-CV-02760, 2025 WL 3022468, at *5 (S.D.N.Y. Oct. 29, 2025).

Accordingly, Plaintiff's Eighth Amendment claim is dismissed in its entirety as against all Defendants.[9]

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED and the Second Amended Complaint is dismissed. Additionally, and because Plaintiff has already been given notice and an opportunity to cure the deficiencies in his pleading, but has failed to cure them, leave to further replead is also properly denied. *See Smith v. Lioidice*, No. 17-CV-07028, 2021 WL 2689064, at *6 (S.D.N.Y. June 30, 2021); *Cox v. City of New Rochelle*, No. 17-CV-8193, 2020 WL 5774910, at *9 (S.D.N.Y. Sept. 28, 2020).

The Clerk of Court is respectfully requested to terminate the pending motion (Doc. 61), close this case, and mail a copy of this Opinion and Order to Plaintiff.

[9] The Court need not, and does not, reach the balance of Moving Defendants' arguments made in the Motion, including administrative exhaustion and qualified immunity, given the conclusions reached herein.

**SO ORDERED:**

Dated: White Plains, New York
November 16, 2026

Philip M. Halpern
United States District Judge